IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DONALD WAYNE DORCH, #684508 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv18 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Donald Wayne Dorch, a Texas prison inmate confined at the Polunsky Unit in Livingston, Texas, proceeding *pro se*, filed a motion for reconsideration (docket entry #25). The court dismissed his case on March 27, 2013, finding no merit to the issues raised in the petition.

Postjudgment Motion for Relief

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

1

If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, the motion should be filed as a motion under Rule 59 rather than Rule 60. Fed. R. Civ. P. 59(e); *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc*. 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). The instant motion was filed approximately six months after final judgment; thus, it is properly filed under Rule 60(b).

Discussion

To succeed on a motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). A Rule 60 motion should not be used to rehash evidence, legal theories, or arguments that could have been raised or were raised before entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Petitioner does not assert newly discovered evidence. Instead, he asserts that he is entitled to relief because his case was dismissed although he had filed a motion for an extension of time in which to file his objections. A review of the docket shows that the Report and Recommendation was issued on March 4, 2013; accordingly, objections were due March 18, 2013. On March 18, 2013, Petitioner filed a motion for a 90-day extension of time, which was found to be unreasonable. The court granted an additional seven days. Thus, objections were due March 25, 2013. No objections were filed, and the court issued Final Judgment on March 27, 2013.

Petitioner then filed a motion for reconsideration pursuant to Rule 59(e) on April 8, 2013. In the order addressing Petitioner's Rule 59(e) motion, the court instructed Petitioner that, even if

untimely, he had not filed objections for the court to consider. The court informed Petitioner that he could file a motion pursuant to Rule 60 along with his objections, and in the interest of justice, the court would conduct a *de novo* review. The court notes that Petitioner still has not filed objections, other than to say that he objects to the Report and Recommendation. Thus, Petitioner has presented nothing for the court to consider. Therefore, in the absence of any new arguments or evidence that could not have been raised in Petitioner's first proceeding, the court denies Petitioner's motion for reconsideration as he has failed to state any grounds sufficient to reopen or revisit the case. Fed. R. Civ. P. 60. He has failed to show a manifest error of law or fact in order to obtain relief under Rule 60(b). It is accordingly

**ORDERED** that Petitioner's motion for reconsideration (docket entry #25) is **DENIED**. Any motions not previously ruled upon are **DENIED**.

So **ORDERED** and **SIGNED** this **7** day of **April, 2014.**

_____
Ron Clark, United States District Judge